# EXHIBIT A

WEISBERG LAW
David A. Berlin, Esquire
PA Attorney Id. No. 314400
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
*Attorneys for Plaintiff*

SCHAFKOPF LAW LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334

**CHRISTA JENKINS**
408 Spike Island Rd
Osceola Mills, PA 16666

Plaintiff

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD d/b/a FINE WINE & GOOD SPIRITS STORE #1706**
1607 N. Front Street
Philipsburg, PA 16866

and

**DEANNA BILLINGS-COTTOM**
Individually and in her official capacity as Store Manager
Fine Wine & Good Spirits Store # 1706
1607 N. Front Street
Philipsburg, PA 16866

and

**CARMEN BANNER**
Individually and in her official capacity as General Manager
Fine Wine & Good Spirits Store # 1706
1607 N. Front Street
Philipsburg, PA 16866

and

**BRYNN MCGARVEY**
Individually and in her official capacity as Store

CLEARFIELD COUNTY COURT OF COMMON PLEAS

**No. 2023-238-CD**

**Jury of Twelve (12) Jurors Demanded**

Clerk
Fine Wine & Good Spirits Store # 1706
1607 N. Front Street
Philipsburg, PA 16866

and

**JENNIFER HAAS**
Individually and in her official capacity as Director of Human Resources
Pennsylvania Liquor Control Board d/b/a
Fine Wine & Good Spirits Store # 1706
1607 N. Front Street
Philipsburg, PA 16866

Defendants.

**NOTICE TO DEFEND**

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte |

| | |
|---|---|
| ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>Clearfield County Bar Association<br>211 East Locust Street, Clearfield, PA 16830<br>717-393-0737 | puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO.<br>SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO.<br><br>Clearfield County Bar Association<br>211 East Locust Street, Clearfield, PA 16830<br>717-393-0737 |

WEISBERG LAW
David A. Berlin, Esquire
PA Attorney Id. No. 314400
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
*Attorneys for Plaintiff*

SCHAFKOPF LAW LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334

**CHRISTA JENKINS**
408 Spike Island Rd
Osceola Mills, PA 16666

Plaintiff

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD d/b/a FINE WINE & GOOD SPIRITS STORE #1706**
1607 N. Front Street
Philipsburg, PA 16866

and

**DEANNA BILLINGS-COTTOM**
Individually and in her official capacity as Store Manager
Fine Wine & Good Spirits Store # 1706
1607 N. Front Street
Philipsburg, PA 16866

and

**CARMEN BANNER**
Individually and in her official capacity as General Manager
Fine Wine & Good Spirits Store # 1706
1607 N. Front Street
Philipsburg, PA 16866

and

**BRYNN MCGARVEY**
Individually and in her official capacity as Store

CLEARFIELD COUNTY COURT OF COMMON PLEAS

**No. No. 2023-238-CD**

**Jury of Twelve (12) Jurors Demanded**

| | |
|---|---|
| Clerk<br>Fine Wine & Good Spirits Store # 1706<br>1607 N. Front Street<br>Philipsburg, PA 16866<br><br>and<br><br>**JENNIFER HAAS**<br>Individually and in her official capacity as Director of Human Resources<br>Pennsylvania Liquor Control Board d/b/a<br>Fine Wine & Good Spirits Store # 1706<br>1607 N. Front Street<br>Philipsburg, PA 16866<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PARTIES**

1. Plaintiff, Christa Jenkins, is an adult individual, residing at the above referenced address. At all times material, Ms. Jenkins was employed by Defendants, Pennsylvania Liquor Board d/b/a Fine Wine & Good Spirits Store #1706.
2. Defendant, Pennsylvania Liquor Board (PLCB) d/b/a Fine Wine & Good Spirits Store #1706 ("Fine Wine"), is a Wine and Spirits store located at the above refenced address.
3. Defendant, Deanna Billings-Cottom ("Billings-Cottom"), is an adult individual at all times material was Store Manager of Fine Wine is being sued individually and in her official capacity as Store Manager.
4. Defendant, Carmen Banner, ("Banner"), is an adult individual at all times material was General Manager of Fine Wine and is being sued individually and in her official capacity as General Manager.
5. Defendant, Brynn McGarvey, ("McGarvey"), is an adult individual at all times material was Clerk of Fine Wine and is being sued individually and in her official capacity as Clerk.

6. Defendant, Jennifer Haas, ("Haas"), is an adult individual at all times material was Director of Human Resources of Fine Wine and is being sued individually and in her official capacity as Director of Human Resources.

7. Upon information and belief, jurisdiction is proper in this venue because Defendants are believed to have carried on regular, continuous, and substantial business in Clearfield County.

**STATEMENT OF FACTS**

8. The above paragraphs are incorporated herein by reference.

9. In a pattern of egregious and perverse acts, Defendants have discriminated against Plaintiff based upon her disability and subjected her to sexual harassment.

*Sexual Harassment*

10. On or around May 2019, Plaintiff started working as a part time clerk at Fine Wine.

11. Almost immediately thereafter, Defendant Billings-Cottom began sexually harassing Plaintiff.

12. Upon information and belief, Defendant Billings-Cottom is a lesbian and would call Plaintiff when she was drunk and tell Plaintiff she loved her.

13. Defendant Billings-Cottom would also tell Plaintiff that Defendant's wife was jealous of Plaintiff.

14. Defendant Billings-Cottom told Plaintiff she could turn any straight woman gay, and she could turn Plaintiff gay.

15. Plaintiff felt extremely uncomfortable because of Defendant Billings-Cottom's actions and just wanted to focus on work.

16. Plaintiff filed a complaint against Defendant Billings-Cottom human resources regarding this sexual harassment, but nothing was done.

17. This situation put Plaintiff in a precarious position because Defendant Billings-Cottom was Plaintiff's supervisor.

18. The harassment continued until in or around April 2021 when Plaintiff began ignoring Defendant Billings-Cottom every time she would bring up anything of a sexual nature.

*Disability Discrimination/FMLA Retaliation*

19. Plaintiff has disabilities including but not limited to: two heart conditions including inappropriate tachycardia, chronic low blood pressure, and atrial flutter.

20. Plaintiff also has co-morbid disabilities including IBS-C and reproductive conditions, which significantly affects Plaintiff's daily life.

21. Plaintiff's impairments substantially limit her day-to-day activities and cause her to closely monitor her water intake, exposure to hot temperatures, and physical stress.

22. Plaintiff must stay well hydrated due to these impairments, which causes her to urinate frequently.

23. Plaintiff must have immediate access to a restroom due to her IBS-C and reproductive system conditions which cause her to use the restroom suddenly and frequently.

24. Since Plaintiff began working at Fine Wine, there were constant issues with the bathroom.

25. The only toilet was often not working. Furthermore, sewer water would regularly come out of the sink so that employees could not wash their hands.

26. Plaintiff and other employees were instructed to go to the bathroom in a bucket or go to the McDonald's across the parking lot if they didn't want to use a bucket.

27. During Plaintiff's part time employment, the toilet would only work occasionally but most of the time it did not function correctly.

28. Plaintiff complained to Defendant Billings-Cottom and Banner numerous times about the restroom but nothing was done.

29. On or around March 17, 2020, Fine Wine closed its business and Plaintiff was given paid leave because of the COVID-19 Pandemic.

30. On or around April 27, 2020, Plaintiff went on Emergency Childcare (CARES Act) leave because her children were not able to go to school due to the COVID-19 Pandemic.

31. During this time, Plaintiff was provided paid leave.

32. While Plaintiff was on CARES act leave, Defendant Billings-Cottom repeatedly put Plaintiff on the schedule attempting to have her work both weekdays and weekends while she was on excused paid leave.

33. Defendant Billings-Cottom told Plaintiff that CARES act only covered weekdays and not weekends.

34. Upon information and belief, CARES act covered both weekdays and weekends if childcare was not available/schools were closed for reasons related to Covid-19.

35. Plaintiff was informed if she did not come to work, she would be terminated.

36. Upon information and belief, Defendants Banner and Billings-Cottom were attempting to interfere with Plaintiff's right to CARES Act leave and were retaliating against Plaintiff.

37. On or around May 2020, Plaintiff requested a full-time Family and Medical Leave Act (FMLA) absence that was approved from June 14, 2020, to July 25, 2020.

38. Plaintiff filed for FMLA based on her doctor's recommendation due to the COVID-19 pandemic.

39. On or around August 9, 2020, Plaintiff returned to work.

40. Following her return to work, Defendants Banner and Billings-Cottom) harassed and removed Plaintiff's privilege, responsibilities, and system access for taking FMLA.

41. Furthermore, Defendants Banner and Billings-Cottom denied any reasonable accommodations Plaintiff requested due to her medical conditions.

42. The accommodations Plaintiff requested included:

a. Plaintiff requested to be able to remove her mask intermittently as needed because she is at high-risk for death due to her heart conditions considering the physical aspect of her job.

b. Plaintiff requested to work 20-hour work weeks with the option to pick up more shifts, due to her heart condition and the COVID-19 Pandemic.

c. Plaintiff also requested to have a working restroom due to her conditions.

43. Since the bathroom was still constantly out of order, Plaintiff asked Defendant Billings-Cottom if, at the very least, they could provide a Porta-Potty, but this request was denied.

44. Defendant Billings-Cottom continued to assure Plaintiff that the restroom would be taken care of but never was.

45. On or around October 8, 2021, Plaintiff complained to Jennifer Haas, who worked in Human Resources, regarding the inoperable restroom.

46. On or around October 9, 2021, Defendant Billings-Cottom gave Plaintiff an oral warning and threatened her with disciplinary action if she continued to complain regarding the inoperable restroom.

47. Plaintiff filed several complaints and grievances with the Union, but nothing was done to fix the problem.

48. Upon information and belief, the Defendant PLCB/Fine Wine violated the union contract in that PLCB was supposed to respond to Union inquiries/complaints within certain time frames but failed to do so.

49. In or around October 2021, Plaintiff told Defendants that not having a properly functioning toilet was an Occupational Safety and Health Administration (OSHA) violation.

50. Plaintiff was written up for making this statement.

51. On or around November 30, 2021, Plaintiff filed an Equal Employment Opportunity Commission (EEOC) complaint and an internal Equal Employment Opportunity (EEO) complaint.

52. After Plaintiff filed these complaints, Defendants continued retaliating against her.

53. Upon information and belief, Defendants Banner, Billings-Cottom and McGarvey retaliated against Plaintiff by forcing her to work unfavorable schedules, creating a hostile work environment, not giving her a standard promotion, and writing her up for violations that had no merit.

54. On or around December 2021, Plaintiff had not other choice but to resign/was constructively terminated.

55. Due to the actions of Defendants, Plaintiff was forced to work in a hostile environment and was unjustly treated, because of her disabilities and use of FMLA.

56. The constructive termination of Plaintiff has caused her to suffer shame, embarrassment, and financial loss.

## STATEMENT OF CLAIMS

## COUNT I
## REFUSAL TO REASONABLY ACCOMMODATE - ADA

57. The foregoing paragraphs are incorporated herein by reference.

58. Plaintiff was an individual with a perceived disability or disability as the term is defined in Section 3(2) of the ADA, 42 U.S.C. Section 12102(2). Plaintiff's heart related conditions, IBS-C and reproductive issues substantially limited one or more of her major life activities. Plaintiff has a record of such impairment and was regarded by Defendants as having impairment.

59. Defendant's failure to make reasonable accommodations to Plaintiff's disability or perceived disability constitutes discrimination against Plaintiff with respect to the terms, conditions or privileges of her employment.

60. As a direct and immediate result of Defendants' Discrimination on the basis of disability, Plaintiff has suffered lost wages, lost benefits and lost employment opportunities and is entitled to damages.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, *individually, jointly and/or severally, in an amount in excess of fifty thousand dollars* ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

**COUNT II**

**ADA RETALIATION**

61. The foregoing paragraphs are incorporated herein by reference.

62. In addition to and/or in the alternative, the foregoing adverse employment actions taken against Plaintiff constituted retaliation for Plaintiff's lawful requests and exercise of rights under the ADA.

63. The foregoing actions of Defendants created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiff's employment.

64. Further, Defendants failed to accommodate Plaintiff's disability or perceived disability and failed to engage in a constructive, interactive process concerning same.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

**COUNT III**
**RETALIATION IN VIOLATION OF FMLA**

65. The above paragraphs are incorporated herein by reference.

66. Defendants unlawfully retaliated against Plaintiff in violation of the FMLA.

67. Defendants acted purposely and with malice with the intent to injure Plaintiff.

68. As a direct and proximate result of Defendants' actions and unlawful retaliation against Plaintiff, Plaintiff has suffered mental and emotional damages.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

**COUNT IV**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)**

69. The above paragraphs are incorporated herein by reference.

70. The above acts and practices of Defendants constitute unlawful discriminatory employment practices under the PHRA.

71. As a result of Defendants' discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## COUNT V
## RETALIATION IN VIOLATION OF CARES ACT

72. The above paragraphs are incorporated herein by reference.

73. Defendants unlawfully retaliated against Plaintiff in violation of the Cares Act.

74. Defendants acted purposely and with malice with the intent to injure Plaintiff.

75. As a direct and proximate result of Defendants' actions and unlawful retaliation against Plaintiff, Plaintiff has suffered mental and emotional damages.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT VI
## VIOLATION OF TITLE VII GENDER DISCRIMINATION/SEXUAL HARASSMENT

76. The above paragraphs are incorporated herein by reference.

77. By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated Title VII.

78. Plaintiff had no other choice but to resign as a result of the aforesaid retaliation and hostile work environment.

79. Defendants acted purposely and with malice with the intent to injure Plaintiff.

80. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

81. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

**WEISBERG LAW**

/s/ David A. Berlin
David A. Berlin, Esquire
Matthew B. Weisberg, Esquire
Attorneys for Plaintiff

WEISBERG LAW
David A. Berlin, Esquire
PA Attorney Id. No. 314400
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave.
Morton, PA 19070

SCHAFKOPF LAW LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334

610-690-0801
Fax: 610-690-0880
*Attorneys for Plaintiff*

| | | |
|---|---|---|
| **CHRISTA JENKINS**<br><br>Plaintiff<br>v.<br><br>**PENNSYLVANIA LIQUOR CONTROL BOARD d/b/a FINE WINE & GOOD SPIRITS STORE #1706, et al.**<br><br>Defendants. | : | CLEARFIELD COUNTY COURT OF COMMON PLEAS<br><br>**No. 2023-238-CD**<br><br>**JURY TRIAL OF TWELVE (12) JURORS DEMANDED** |

**CERTIFICATE OF SERVICE**

I, David Berlin, Esquire, hereby certify that on this day of 2023, a true and correct copy of the foregoing Complaint was served via e-mail upon all parties of record.

**WEISBERG LAW**

*/s/ David Berlin*
David A. Berlin, Esq.
Matthew B. Weisberg, Esq.
*Attorneys for Plaintiff*

WESIBERG LAW
David A. Berlin, Esquire
PA Attorney Id. No. 314400
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorney for Plaintiff

SCHAFKOPF LAW LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
Attorney for Plaintiff

| | | |
|---|---|---|
| **CHRISTA JENKINS** | : | CLEARFIELD COUNTY |
| | : | COURT OF COMMON PLEAS |
| v. | : | |
| | : | **No. 2023-238-CD** |
| **PENNSYLVANIA LIQUOR CONTROL** | : | |
| **BOARD d/b/a FINE WINE** | : | |
| **& GOOD SPIRITS STORE #1706** | : | |
| : | | |

**VERIFICATION**

I, Christa Jenkins, hereby verify that the factual averments in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Christa Jenkins (Mar 10, 2023 20:55 EST)
Christa Jenkins

*March 10, 2023*
Date

# Christa Jenkins Verification

Final Audit Report 2023-03-11

| | |
|---|---|
| Created: | 2023-03-11 |
| By: | stefan resnick (stefanresnick1@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAxviY6k65rm4Gh2VzRoPChhTIV8zCmwFd |

## "Christa Jenkins Verification" History

Document created by stefan resnick (stefanresnick1@gmail.com)
2023-03-11 - 0:32:58 AM GMT- IP address: 185.169.0.7

Document emailed to Christa Jenkins (cjenkins89@yahoo.com) for signature
2023-03-11 - 0:33:21 AM GMT

Email viewed by Christa Jenkins (cjenkins89@yahoo.com)
2023-03-11 - 1:54:48 AM GMT- IP address: 73.64.103.101

Document e-signed by Christa Jenkins (cjenkins89@yahoo.com)
Signature Date: 2023-03-11 - 1:55:03 AM GMT - Time Source: server- IP address: 73.64.103.101

Agreement completed.
2023-03-11 - 1:55:03 AM GMT