IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTA JENKINS : | |
| Plaintiff : | |
| : | No.   3:23-cv-00180 |
| v. : | |
| : | Judge Kim R. Gibson |
| PENNSYLVANIA LIQUOR CONTROL : | |
| BOARD d/b/a FINE WINE & GOOD : | *Electronically filed* |
| SPIRITS STORE #1706, DEANNA : | |
| BILLINGS-COTTON, CARMEN | |
| BANNER, BRYNN MCGARVEY, and | |
| JENNIFER HAAS, | |
| Defendants    : | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Pennsylvania Liquor Control Board d/b/a Fine Wine & Good Spirits Store #1706, Deanna Billings-Cotton, Carmen Banner, Brynn McGarvey, and Jennifer Haas ("Defendants"), by and through their counsel, hereby file this Brief in Support of Their Motion to Dismiss.[1]

**I.      INTRODUCTION AND RELEVANT BACKGROUND**

Plaintiff's Complaint arises from a series of alleged incidents and occurrences that happened during her employment with the Pennsylvania Liquor Control Board ("PLCB"). Plaintiff was employed by the PLCB starting in May 2019.  Compl., ¶10.  Defendants Billings-Cotton, Banner, McGarvey, and Haas (collectively, the "Individual Defendants") are employees of the PLCB.  The allegations involve claims of sexual harassment and discrimination under Title VII of the Civil Rights Act, violations of the Americans with Disabilities Act ("ADA"), violation

---

[1] Defendants acknowledge that this Brief and accompanying Motion were filed one day after the deadline.  Undersigned counsel had unexpected difficulty remotely accessing the files to finish drafting and filing the documents on the evening of September 25, 2023.  He notified Plaintiff's counsel of this difficulty by email on the same day and indicated that he would be filing the Motion and Brief on September 26, 2023.  Plaintiff's counsel consented to the *nunc pro tunc* filing.

of the Pennsylvania Human Relations Act, and retaliation in violation of the ADA, the Family and Medical Leave Act ("FMLA"), and the CARES Act.

PLCB and the Individual Defendants now move to dismiss the claims under the ADA, the FMLA, the PHRA, and the CARES Act on the grounds that PLCB and the Individual Defendants, when acting in their official capacities, are immune from suit in Federal court on the basis of sovereign immunity.  Further, the Individual Defendants, when acting in their individual capacities, are not proper defendants to an action brought pursuant to the ADA, the PHRA, or Title VII of the Civil Rights Act, and should be dismissed from this action on those grounds.  Therefore, the Motion to Dismiss should be granted.

**II.      STANDARD OF REVIEW**

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6), the Court must "accept all factual allegations [in the complaint] as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007) (rejecting the "no set of facts" standard").  The plaintiff must "nudge [his or her] claim across the line from conceivable to plausible" in order to survive a motion to dismiss. Phillips, 515 F.3d at 234, citing Twombly, 127 S.Ct. at 1974.  This plausibility requirement means that the complaint must provide enough factual matter to suggest the required element of the claim.  Id.  In other words, it calls for "enough facts to state a claim to relief that is plausible on its face." Barber v. PSP, 2007 WL 2071896, *2 (W.D. Pa. 2007) citing Twombly at 1974.  The Court need not accept legal conclusions or inferences drawn by plaintiff if unsupported by the facts set forth in the complaint.  Barber, *2, citing California Pub. Employee Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) and Twombly at 1965; Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**III.    ARGUMENT**

Plaintiff's claims under the ADA, the PHRA, CARES Act, and the FMLA should be dismissed because the PLCB and the Individual Defendants, acting in their official capacities, enjoy immunity from suit in federal court from those claims under the Eleventh Amendment. Further, the Individual Defendants, acting in their individual capacities, should be dismissed from the ADA, PHRA, and Title VII claims because individuals are not proper defendants in those actions.

    A.    *The PLCB and the Individual Defendants, Acting in Their Official Capacities, Enjoy Eleventh Amendment Immunity From Claims Under the ADA, the PHRA, the FMLA, and the CARES Act*

The Eleventh Amendment to the United States Constitution precludes lawsuits against a state in federal court, regardless of the type of relief sought. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Pennhurst State School & Hospital v. Haldeman, 465 U.S. 89 (1984). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

It has long been held that the Eleventh Amendment likewise bars a citizen from bringing suit against his or her own state in federal court. Pennhurst, 465 U.S. at 98 (citing Hans v. Louisiana, 134 U.S. 1 (1890)).

A state's Eleventh Amendment immunity can be lost only by Congressional abrogation or by waiver and consent. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 56-65 (1996); Burns v. Alexander, 776 F.Supp.2d 57, 72 (W.D.Pa. 2011). Although the Pennsylvania General Assembly has waived the Commonwealth's immunity under certain narrow exceptions in Pa. C.S. §8522, it has expressly refrained from waiving its immunity in federal courts. 42 Pa. C.S. §8521(b)

("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); see also Pa. Const. Art. 1 § 11; 1 Pa. C.S. §2310; Lavia v. Department of Corrections, 224 F.3d 190, 195 (3d Cir. 2000); Toth v. California University of Pennsylvania, 844 F.Supp.2d 611, 648 (W.D.Pa. 2012).

Commonwealth agencies are immune from suit in federal court under the Eleventh Amendment. Lusick v. Philadelphia, 549 Fed. Appx. 56, 58 n.2 (3d Cir. 2013) (citing Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 236 (3d Cir. 2005)); Draper v. Darby Township Police Department, 777 F.Supp.2d 850, 854 (E.D. Pa. 2011). Likewise, each individual Defendant acting in his or her official capacity also has Eleventh Amendment immunity. See, e.g., Ellington v. Cortes, 532 Fed. Appx. 53, 56 (3d Cir. 2013).

1. **ADA**

Although Plaintiff does not specify in her Complaint, presumably, she is bringing her failure to accommodate and retaliation claims pursuant to Title I of the ADA, which addresses claims brought in the employment context. However, all claims brought under Title I of the Americans with Disabilities Act (ADA) are barred by the Eleventh Amendment because it has been conclusively determined that Congress has not successfully abrogated the States' Eleventh Amendment immunity with respect to Title I of the ADA. Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001); Benn v. First Judicial District of Pennsylvania, 426 F.3d 233, 238-39 (3d Cir. 2005); Kulkin v. SCI Mercer Department of Corrections, 2015 WL 1431080 (W.D. Pa. 2015). Likewise, the Eleventh Amendment also provides immunity to states and their agencies for retaliation claims brought under the ADA to the extent, as is the case here, that the alleged underlying violation is Title I of the ADA. Demshki v. Monteith, 255 F.3d 986 (9th Cir. 2001); Karam v. Delaware Division of Services for Children, Youth and Their Families, 2010 WL

5343182 (D. Del. 2010); Kulkin v. SCI Mercer Department of Corrections, 2015 WL 1431080 (W.D. Pa. 2015).

Therefore, Plaintiff's claims under the ADA against the PLCB and the Individual Defendants, acting in their official capacity, should be dismissed.

### 2. FMLA

Although Plaintiff does not specify in her Complaint, she is presumably bringing her claim for retaliation based on 29 U.S.C. 2612(a)(1)(D) (which entitles her to leave because of a serious health condition) and the related retaliation provisions. However, the Eleventh Amendment immunity also attaches to FMLA claims based on its self-care and related retaliation provisions. See, e.g., Coleman v. Court of Appeals of Maryland, 132 S.Ct. 1327 (2012); Maliandi v. Montclair State University, 845 F.3d 77 n.2 (3d Cir. 2016); Hale v. Mann, 219 F.3d 61, 69 (2d Cir. 2000); Howard v. Pennsylvania Dep't of Pub. Welfare, No. 11–1938, 2013 WL 102662 (E.D.Pa. Jan.9, 2013) (applying Coleman to grant summary judgment on both FMLA interference and retaliation claims pursuant to the FMLA self-care provision); Folk v. Pennsylvania Dep't of Educ., No. 10–7377, 2012 WL 2282849 (E.D.Pa. June 14, 2012) (same); Amoroso v. Bucks Cnty. Ct. of Common Pleas, No. CIV.A. 13-0689, 2014 WL 3767000, at *4 (E.D. Pa. July 31, 2014).

Therefore, Plaintiff's claims under the FMLA against the PLCB and the Individual Defendants, acting in their official capacity, should be dismissed.

### 3. PHRA

Pennsylvania's General Assembly has waived the state's sovereign immunity under the PHRA to the extent that such suits may be initiated against the Commonwealth in *state court*, but this waiver has not been found sufficient to waive Pennsylvania's Eleventh Amendment immunity in federal court, especially in light of the express reservation of such immunity found in 42 Pa. C.S. §8521(b). Patterson v. Pennsylvania Office of Inspector General, 243 Fed. Appx. 695 (3d

Cir. 2007); Lewis v. Commonwealth of Pennsylvania, 2007 WL 1247076 at *2 (W.D. Pa. 2007); Dill v. Commonwealth of Pennsylvania, 3 F.Supp.2d 583, 587-88 (E.D. Pa. 1998).

Therefore, Plaintiff's claims under the PHRA against the PLCB and the Individual Defendants, acting in their official capacity, should be dismissed.

### 4. CARES Act

At this time, Defendants are unable to locate any specific case law in the Third Circuit directly addressing whether the CARES Act abrogated a state's sovereign immunity pursuant to the Eleventh Amendment. However, Defendants believe that the general application of sovereign immunity bars Plaintiff's suit absent a showing by Plaintiff that the Commonwealth has waived immunity or that Congress has abrogated it.

### B. *Plaintiff May Not Bring Claims Under the ADA, the PHRA, and Title VII Against the Individual Defendants, Acting in Their Individual Capacities*

Plaintiff's claims brought pursuant to the ADA, the PHRA, and Title VII against the Individual Defendants, acting in their individual capacities, must also fail because claims under those statutes may not be brought against individuals.

### 1. ADA

There is no individual liability for damages under the ADA. Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002). Therefore, Plaintiff's claims under the ADA against the Individual Defendants, acting in their individual capacities, should be dismissed.

### 2. PHRA

Similarly, Plaintiff may not bring a claim against the Individual Defendants under the PHRA because they do not fall under the statutory definition of "employer." See, e.g., Thomas v. St. Mary Med. Ctr., 22 F.Supp.3d 459, 468 (E.D. Pa. 2014) (individual employees cannot be liable for disparate treatment discrimination under the PHRA); 43 P.S. §954 (definition of "employer"

does not include individuals); *id.* § 955(a) (prohibiting "any employer" from discriminatory action). Therefore, Plaintiff's claims under the PHRA against the Individual Defendants, acting in their individual capacities, should be dismissed.

### 3. Title VII

Finally, Title VII claims may not be brought against individuals. See, e.g., Dici v. Commw. Of Pa., 91 F.3d 542, 552 (3d Cir. 1996); Ulery v. Berrier, No. 2:22-cv-1234, 2023 WL5944125, at *4 (W.D. Pa. July 11, 2023) ("Based on long-standing precedent in this Circuit, there is no individual liability under Title VII."), *report and recommendation adopted in relevant part by* Ulery v. Berrier, No. 2:22-cv-1234, 2023 WL 5286156 (W.D. Pa. Aug. 17, 2023). Therefore, Plaintiff's claims under Title VII against the Individual Defendants, acting in their individual capacities, should be dismissed.

## IV. CONCLUSION

As demonstrated by the foregoing, the PLCB and the Individual Defendants, acting in their official capacity, enjoy sovereign immunity pursuant to the Eleventh Amendment on the claims brought pursuant to the ADA, the FMLA, the PHRA, and the CARES Act. Further, the Individual Defendants, acting in their individual capacities, may not be sued under the ADA, the PHRA, and Title VII. For these reasons, the following Counts should be dismissed:

   a. Count I – ADA Failure to Accommodate (as to PLCB and Individual Defendants);

   b. Count II – ADA Retaliation (as to PLCB and Individual Defendants);

   c. Count III – FMLA Retaliation (as to PLCB and Individual Defendants acting in official capacity);

   d. Count IV – PHRA Discrimination (as to PLCB and Individual Defendants);

e. Count V – CARES Act (as to PLCB and Individual Defendants acting in official capacity)

f. Count VI – Title VII (as to Individual Defendants).

        Respectfully submitted,

        MICHELLE A. HENRY
        Attorney General

By: *s/ Michael P. Gaetani*
    MICHAEL P. GAETANI
Office of Attorney General    Senior Deputy Attorney General
1251 Waterfront Place    Attorney ID 209407
Mezzanine Level
Pittsburgh, PA 15222
412.339.2310
mgaetani@attorneygeneral.gov

    Counsel for Defendants

Date:  September 26, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTA JENKINS | : | |
| **Plaintiff** | : | |
| | : | No.   3:23-cv-00180 |
| v. | : | |
| | : | Judge Kim R. Gibson |
| PENNSYLVANIA LIQUOR CONTROL BOARD d/b/a FINE WINE & GOOD SPIRITS STORE #1706, DEANNA BILINGS-COTTON, CARMEN BANNER, BRYNN MCGARVEY, and JENNIFER HAAS, | : : : : : | *Electronically filed* |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Michael P. Gaetani, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on September 26, 2023, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Motion to Dismiss to the following:

**VIA ECF**

David A. Berlin, Esquire
Matthew B. Weisberg, Esquire
Weisberg Law
7 South Morton Avenue
Morton, PA  19070
*Counsel for Plaintiff*

**VIA EMAIL**

Gary Schafkopf, Esquire
Schafkopf Law LLC
11 Bala Avenue
Bala Cynwyd, PA  19004
gary@schaflaw.com
*Counsel for Plaintiff*


　　　　　　　　　　　　　　　　 *s/ Michael P. Gaetani*
　　　　　　　　　　　　　　　**MICHAEL P. GAETANI**
　　　　　　　　　　　　　　　Senior Deputy Attorney General