IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHNSTOWN DIVISION

| | |
|---|---|
| CHRISTA JENKINS, | ) |
| | ) Civil Action No.: |
| | ) 3:23-CV-00180-CBB |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Christopher B. Brown |
| | ) United States Magistrate Judge |
| PENNSYLVANIA LIQUOR CONTROL BOARD, DEANNA BILLINGS-COTTON, CARMEN BANNER, BRYNN MCGARVEY, JENNIFER HAAS, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION[1]**
**ON ECF No. 50**

**Christopher B. Brown, United States Magistrate Judge**

**I.     Introduction**

This action was removed from the Court of Common Pleas of Clearfield County on August 9, 2023. Plaintiff Christa Jenkins alleges discrimination and retaliation in connection with her employment with Defendant, the Pennsylvania Liquor Control Board ("PLCB").

Presently pending before the Court is Defendants' partial motion for summary judgment. ECF No. 50. The motion is fully briefed and ripe for

---

[1]     All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

1

disposition. ECF Nos. 51, 62.  For the reasons that follow, Defendants' motion is dismissed without prejudice to refile consistent with this decision.

## II. Background

Because Defendants' grounds for summary judgment largely involve legal, as opposed to factual disputes, only those facts necessary to provide context to the current motion will be recounted.[2]

In May 2019, Jenkins began working as a part-time clerk at PLCB's Fine Wine and Good Spirits retail store. ECF No. 14 at ¶ 12.  Throughout her employment, Jenkins claims the store manager, Defendant Deanna Billings-Cottom, continually sexually harassed her. *Id*. at ¶¶ 13-20.  Jenkins also claims she had medical conditions which often required her immediate need for and access to a restroom. *Id*. at ¶ 25.  She claims the store toilet was regularly inoperable and there was no restroom in the store for her to use. *Id*. at ¶¶ 26-30.  She complained about the lack of a restroom to Defendant Billings-Cottom and the store's general manager, Defendant Carmen Banner to no avail. *Id*. at ¶ 30.

In March 2020, the store closed due to the COVID-19 pandemic. *Id*. at ¶ 31. Shortly thereafter, in April 2020, Jenkins went on emergency childcare leave under the CARES Act as her children were unable to attend school. *Id*. at ¶ 32.  Jenkins claims she was provided excused paid leave during this time and despite that Defendant Billings-Cottom scheduled her to work on weekdays and weekends. *Id*. at

---

[2]     Neither party submitted a Concise Statement of Material Facts as required by LCvR 56(B)(1). Accordingly, the Court is constrained to derive the facts for this decision from the Amended Complaint. ECF No. 14.

¶¶ 33-34.  Jenkins claims Defendant Billings-Cottom told her she would be terminated if she did not report to work. *Id*. at ¶ 37.

In May 2020, Jenkins requested leave under the Family and Medical Leave Act ("FMLA") which was granted from June 14, 2020 to July 25, 2020. *Id*. at ¶ 39. Jenkins then returned to work in August 2020 after which she claims Defendants Banner and Billings-Cottom harassed and removed her privileges, responsibilities and system access for taking FMLA leave. *Id*. at ¶¶ 41-42.  Jenkins also claims she was denied reasonable medical accommodations including her request to remove her face mask, work 20-hour work weeks, and offer a working restroom. *Id*. at ¶¶ 43-44.

In October 2021, Jenkins complained about the lack of restroom facilities to Defendant Jennifer Haas, who worked in the Human Resources department. *Id*. at ¶ 47.  The next day, Jenkins claims Defendant Billings-Cottom threatened her with disciplinary action if she continued to complain about the inoperable restroom. *Id*. at ¶ 48.  During that same time, Jenkins told unspecified Defendants that the PLCB's failure to have a functioning toilet was an Occupational Safety and Health Administration ("OSHA") violation and was "written up" for making this statement. *Id*. at ¶¶ 51-52.

Jenkins filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and an internal Equal Employment Opportunity ("EEO") complaint in November 2021. *Id*. at ¶ 53.  Jenkins claims after filing this complaint, Defendants Banner, Billings-Cottom and another store clerk, Defendant McGarvey

retaliated against her by forcing her to work unfavorable schedules, creating a hostile work environment, not giving her a standard promotion, and writing her up for false violations. *Id.* at ¶¶ 54-55. Jenkins resigned from her position in December 2021. *Id.* at ¶ 56.

Jenkins asserts the following claims against all Defendants:

1. A failure to accommodate claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") (Count I – asserted against all Defendants "in their official capacities");

2. A retaliation claim under the ADA (Count II – asserted against all Defendants "in their official capacities");

3. A retaliation claim under the FMLA, 29 U.S.C. §§ 2601 *et seq.* (Count III – asserted against all Defendants "in their individual and official capacities");

4. A discrimination claim under the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.* ("PHRA") (Count IV – asserted against all Defendants "in their individual and official capacities");

5. A retaliation claim under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020) ("CARES Act") (Count V – asserted against all Defendants "in their individual and official capacities"); and

6. A gender discrimination/sexual harassment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, ("Title VII") (Count VI – asserted against all Defendants "in their individual and official capacities").

Defendants moved to dismiss the complaint and the parties agreed to engage in discovery while that motion was pending. After discovery was closed, parties agreed to allow the Court to dismiss the motion to dismiss without prejudice and

allowed Defendants to incorporate their grounds for dismissal into the present motion for summary judgment. ECF Nos. 44, 45.

### III. Standards of Review

#### a. Federal Rule of Civil Procedure 56

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To defeat a motion for summary judgment, there must be a factual dispute that is both material and genuine. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A material fact is one that "might affect the outcome of the suit under the governing law[.]" *Id.* at 248. A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id.*

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, it has the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of [his] case." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains its initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and 'come forward with specific facts showing that there is a genuine issue for trial.'" *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (cleaned up) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

At the summary judgment stage, the Court's role is not to "weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.  In doing so, the court must construe the facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587.  But "conjecture and speculation" cannot create a genuine issue of material fact. *Wiest v. Tyco Elecs. Corp.*, 812 F.3d 319, 328 (3d Cir. 2016).  And the Court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

## IV. Discussion

### a. Legal Basis for Plaintiff's Claims

As a threshold matter, Jenkins does not clearly articulate the legal bases for her claims under the ADA (Counts I & II), the FMLA (Count III), or the CARES Act (Count V).

With regard to the ADA, Jenkins does not indicate whether she is asserting her claims under Title I or Title II.  Defendants recognize this omission in their brief and presume Jenkins's claims are asserted under Title I. ECF No. 51 at 5.  Jenkins does not address this issue in her response, but instead cites case law applying standards for Title II rather than Title I. ECF No. 62-2 at 3.  It is, however, questionable whether Title II applies to a claim for employment discrimination under the ADA. *Cook v. City of Philadelphia*, 94 F. Supp. 3d 640, 648

(E.D. Pa. 2015) (noting while the Court of Appeals for the Third Circuit has not decided the specific issue, several district courts within this circuit and four other Courts of Appeals have consistently held Title II of the ADA does not cover disability-based employment discrimination claims and those claims must be brought after exhausting administrative remedies under Title I).

With regard to FMLA, Jenkins also does not specify what provision of the FMLA she is asserting her retaliation claim, and Defendants again presume she bases this claim on the "self-care" provision under 29 U.S.C. § 2612(a)(1)(D). ECF No. 51 at 5-6. Jenkins does not substantively respond to Defendants' assertion. ECF No. 62-2 at 3-4.

Lastly, with regard to the CARES Act, it is also questionable whether it provides a private right of action for violations. *Arsenis v. Blue Foundry Bancorp*, No. CV 24-08978 (RK) (TJB), 2025 WL 383750, at *10 (D.N.J. Feb. 4, 2025) (collecting cases and stating courts around the country have uniformly held there is no private right of action for individuals under the CARES Act). *See also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986) (a federal court lacks subject matter jurisdiction to consider claims that afford no private right of action).

Given the above, Jenkins shall submit a notice to the Court by **March 18, 2026** outlining the statutory authority and elements of her remaining causes of action for her ADA, FMLA and CARES Act claims, or may instead withdraw any of these claims. If Jenkins fails to do so, the Court will enter judgment in Defendants' favor for failing to identify a substantive basis for these claims and/or for lack of

subject matter jurisdiction. *See* Fed. R. Civ. P. 56(f).  To be clear, this is an opportunity for Jenkins to clarify the substantive legal basis for her claims and is not an invitation to amend her complaint to include any new claims or grounds for relief.

### b. Defendants' Motion for Summary Judgment

Defendants raise three main arguments in support of their motion for summary judgment: (1) the PLCB and individual defendants named in their official capacities have Eleventh Amendment immunity for Jenkins's ADA, PHRA, CARES Act, and FMLA claims; (2) the individual defendants named in their individual capacities are not proper parties to Jenkins's ADA, PHRA and Title VII claims; and (3) there are no facts supporting Jenkins's FMLA retaliation claim against Defendants Haas and McGarvey. ECF No. 51 at 3.

In response, Jenkins concedes several arguments.  First, Jenkins concedes Defendants' argument that the individual defendants named in their individual capacities are not proper parties to her ADA, PHRA and Title VII claims and voluntarily withdraws these claims against the individual Defendants named in their individual capacities. ECF No. 62-2 at 4.  Next, Jenkins concedes Defendants' third argument and withdraws her FMLA claim against all Defendants named in their official capacities and against Defendants Haas and McGarvey. *Id*.  Finally, Jenkins withdraws her CARES Act claim against all Defendants named in their official capacities. *Id*.  Accordingly, those claims are dismissed.  Jenkins does not,

however, concede Defendants' Eleventh Amendment immunity argument. *Id*. at 3-4. After these concessions, the following claims remain:

1. ADA failure to accommodate claim against all Defendants named in their official capacities (Count I);

2. ADA retaliation claim against all Defendants named in their official capacities (Count II);

3. FMLA retaliation claim against Defendants Banner and Billings-Cottom in their individual capacities only (Count III);

4. PHRA discrimination claim against all Defendants named in their official capacities (Count IV);

5. A CARES Act retaliation claim against all individual Defendants named in their individual capacities (Count V); and

6. Title VII gender discrimination and sexual harassment claim against all Defendants named in their official capacities (Count VI).

The only argument left to address is whether the PLCB and individual defendants named in their official capacities have Eleventh Amendment immunity for Jenkins's ADA, PHRA, CARES Act, and FMLA claims.

However, before the Court can adequately address Defendants' remaining argument for Eleventh Amendment immunity, the Court must address the issue of waiver. *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613 (2002). Defendants removed this case from state court but now claim they are immune from suit in this federal forum. ECF No. 51 at 3-7; ECF No. 1.

Eleventh Amendment sovereign immunity is comprised of two interdependent categories of immunity: immunity from suit and immunity from

liability. *Lombardo v. Pennsylvania, Dep't of Pub. Welfare*, 540 F.3d 190, 198–200 (3d Cir. 2008). Immunity from suit is characterized as a type of "forum" immunity – it makes states immune from being sued in federal court. *Id.* On the other hand, immunity from liability provides substantive immunity from liability against claims asserted against a state. *Id.*

When a state or state entity voluntarily removes a case to federal court, like Defendants have done here, it waives the state's ability to invoke the Eleventh Amendment to contest the federal court as the proper forum to litigate the claims. *Lombardo*, 540 F.3d at 198. Waiver is appropriate in this context because allowing a state to remove a case to federal court and simultaneously declare the federal court is powerless to decide the case is contradictory and an inequitable use of the immunity doctrine to achieve unfair "litigation advantages." *Lapides*, 535 U.S. at 620. While voluntary removal of an action waives "forum" immunity, it does not automatically waive immunity from liability. *Lombardo*, 540 F.3d at 198–200. The removing state "retains all defenses it would have enjoyed had the matter been litigated in state court, including immunity from liability." *Id.* at 198.

Defendants do not address how their voluntary removal of this action from state court impacts their sovereign immunity and whether they are entitled to immunity from liability for Jenkins's claims, or simply invoking forum immunity to prevent this case being litigated in federal court.[3]

---

[3] It appears that Pennsylvania has waived its immunity from liability for claims arising under the PHRA. *See Mitchell v. Miller*, 884 F. Supp. 2d 334, 380 (W.D. Pa. 2012) (citing *Boone v.*

10

Accordingly, because the Court does not have the proper information before it to determine whether Defendants are entitled to Eleventh Amendment immunity, and because of the concessions made by Jenkins, Defendants' motion for summary judgment is dismissed without prejudice. Pursuant to Fed. R. Civ. P. 56(f), by **April 1, 2026**, Defendants may resubmit their motion with the appropriate legal authority addressing whether they are entitled to immunity from liability for each of Jenkins's remaining claims. This is not an invitation to include any new arguments and the supplemental motion and brief shall only address Defendants' entitlement to Eleventh Amendment immunity. Jenkins shall respond by **April 22, 2026**. Should Defendants fail to submit a supplemental motion and brief, their original motion for summary judgment will be summarily denied and this case will proceed to trial.

An appropriate Order follows.

DATED this 11th day of March, 2026.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

---

*Pennsylvania Off. of Vocational Rehab.*, 373 F. Supp. 2d 484, 496 (M.D. Pa. 2005)). *See also Giordano v. Unified Jud. Sys. of Pennsylvania*, No. CV 20-277, 2021 WL 1193112, at *3 (E.D. Pa. Mar. 30, 2021) ("An FMLA claim for damages brought against an official in their individual capacity is permissible[]" and not barred by the Eleventh Amendment) (citing *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 417 (3d Cir. 2012)). *But see Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 551 (3d Cir. 2007), *amended on reh'g* (Mar. 8, 2007) ("the Eleventh Amendment bars suits seeking money damages for state violations of Title I of the ADA.").