IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHNSTOWN DIVISION

| | |
|---|---|
| CHRISTA JENKINS,<br><br>      Plaintiff,<br><br>  vs.<br><br>PENNSYLVANIA LIQUOR CONTROL BOARD, DEANNA BILLINGS-COTTON, CARMEN BANNER, BRYNN MCGARVEY, JENNIFER HAAS,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.:<br>   3:23-CV-00180-CBB<br><br>   Christopher B. Brown<br>   United States Magistrate Judge |

**MEMORANDUM AND ORDER**[1]
**ON ECF No. 72**

This action was removed from the Court of Common Pleas of Clearfield County on August 9, 2023. Plaintiff Christa Jenkins alleges discrimination and retaliation in connection with her employment with Defendant, the Pennsylvania Liquor Control Board ("PLCB").[2]

On June 30, 2025, Defendants filed a partial motion for summary judgment for Plaintiff's claims made under the ADA, FMLA, PHRA and the CARES Act. ECF No. 50. In response, Plaintiff conceded several claims. ECF No. 64 at 8. This was

---

[1]    All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

[2]    The Court writes primarily for the parties and incorporates the Court's March 11, 2026 decision for a full account of the facts and issues in this case. ECF No. 64.

1

the first instance where Plaintiff withdrew claims during summary judgment litigation.

Thereafter, the Court issued a decision on the summary judgment motion. In it, the Court noted that Plaintiff had not clearly articulated the legal basis for "her [remaining] claims under the ADA (Counts I & II), the FMLA (Count III), or the CARES Act (Count V)." *Id.* at 6. The Court then ordered Plaintiff to submit a notice "outlining the statutory authority and elements of her remaining causes of action for her ADA, FMLA, and CARES Act claims, or [could] instead withdraw any of these claims." *Id.* at 7. Depending on Plaintiff's response, the Court also permitted Defendants to renew their motion for summary judgment. *Id.* at 11.

Then, on April 1, 2026, Plaintiff filed a notice with the Court indicating she intended to assert a failure to accommodate claim pursuant to Title I of the ADA, a retaliation claim pursuant to Title I of the ADA, a retaliation claim pursuant to the FMLA, and "respectfully withdr[ew] her claim under the CARES Act, without prejudice." ECF. No. 71. This was the second instance where Plaintiff withdrew claims during summary judgment litigation.

After Plaintiff's Notice, and in accordance with this Court's Order, Defendants then renewed their partial motion for summary judgment, which is presently pending for decision. ECF No. 72. Defendants move for partial summary judgment for Plaintiff's ADA claims at Counts I and II against all Defendants.

On May 6, 2026, Plaintiff then filed a one-sentence response to Defendant's motion indicating she "concedes withdraw of her ADA claims, without prejudice." ECF No. 74. This was the third instance where Plaintiff withdrew claims during summary judgment litigation.

While it is not entirely clear how it came to pass that Plaintiff determined claims should be withdrawn not once, not twice, but three times, it is clear that Plaintiff was put on notice from this Court that her ADA and CARES Act claims were likely not viable. ECF No. 64 at 6-7. While she conceded her CARES Act claims lacked merit, she nevertheless informed the Court she intended to proceed with her ADA claims. As a result, this required Defendants to expend time and resources to file the now second (present) motion for summary judgment for claims Plaintiff thereafter conceded.

Perhaps, after reasonable inquiry, Plaintiff's claims appeared in the first instance to be meritorious only then to be convinced otherwise by opposing counsel's briefing. It is, however, hard to imagine under the circumstances of this case, given the repeated withdrawal of claims following two motions for summary judgment filed by Defendant and a Memorandum Opinion issued by this Court. Instead, it appears more likely that the litigation approach taken by Plaintiff is akin to writing the test after seeing the answers.

As a reminder, any pleading, written motion or other paper submitted an attorney certifies to the Court that to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

If a court determines this rule has been violated, it may impose an appropriate sanction on the responsible party. Fed. R. Civ. P. 11's purpose is to "deter the initiation of frivolous lawsuits and to streamline the administration of federal courts." *Martin v. Farmers First Bank*, 151 F.R.D. 44, 47 (E.D. Pa. 1993) (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)).

In other words, counsel must "stop, think, investigate and research" before including causes of action or filing any paper with the court. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987) (cleaned up). Failure to do so risks inclusion of meritless claims. Counsel owes a duty of candor to the Court that the claims presented are well-grounded in both law and fact. *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citations omitted). The court's time and resources are scarce and valuable: neither it nor opposing counsel should be subjected to an "everything but the kitchen sink" pleading style.

*See e.g. Malladi v. Brown*, 987 F. Supp. 893, 900 (M.D. Ala. 1997) ("It is apparent that what [Plaintiff] and her attorneys have done is to take a kitchen sink approach—that is, to put before the court all conceivable claims, with the hope that the court would sort and sift through them in search of a colorable one. This trial strategy is grossly unfair to the court and all other litigants who come before it"). *See accord. Pelphrey-Weigand v. Res. for Hum. Dev., Inc.*, 818 F. Supp. 3d 685, 694 (E.D. Pa. 2026).

While the Court will not impose sanctions, counsel is cautioned from taking a similar approach in the future.

An appropriate Order follows:

## ORDER OF COURT

AND NOW, this 26th day of May, 2026, IT IS HEREBY ORDERED that Defendants' renewed partial motion for summary judgment ECF No. 72 is GRANTED as unopposed.

The following claims remain for trial:

(1) An FMLA retaliation claim against Defendants Banner and Billings-Cotton;

(2) A PHRA discrimination claim against all Defendants;

(3) A Title VII gender discrimination and sexual harassment claim against all Defendants.

A video pretrial conference is scheduled for June 25, 2026 at 2:00PM.

Counsel shall be prepared to discuss returning to mediation or scheduling this case for trial.

BY THE COURT:


s/Christopher B. Brown
United States Magistrate Judge